UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA H. CLARK,

              Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

              Defendant.

CASE NO. C15-05044 BHS

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 51 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Scoliosis, asthma, chronic obstructive pulmonary disease, depression, anxiety disorder

Disability Allegedly Began: June 1, 2010

Principal Previous Work Experience: Painter, housekeeper, clerk

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Scott R. Morris:

   Date of Hearing: March 13, 2013, hearing transcript AR 48-93

   Date of Decision: May 30, 2013

   Appears in Record at: AR 22-47

   Summary of Decision:

> The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.  The claimant has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date.  The claimant has the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease, major depressive disorder, anxiety disorder not otherwise specified, and alcohol abuse in sustained full remission.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> Until the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: the claimant could only occasionally climb ladders, ropes, ramps, stairs, and scaffolds, and could occasionally stoop.  The claimant also needed to avoid concentrated exposure to extreme cold, vibration, industrial-strength fumes, odors, dusts, gases, or other pulmonary irritants, as well as hazards.  The claimant remained capable of simple routine tasks and could tolerate occasional interaction with coworkers and the general public.  From the date last insured forward, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the limitations described above, but with the following additional limitations: the claimant can occasionally kneel, crouch, and crawl, but requires an hourly opportunity to alternate between sitting and standing while staying on task, and is limited to jobs that require not more than occasional far acuity and occasional depth perception.
>
> The claimant is capable of performing past relevant work as a housekeeping cleaner.  This work does not require the performance

of work-related activities precluded by the claimant's residual functional capacity. Alternatively, the claimant is capable of performing other jobs existing in the national economy. Therefore, the claimant was not under a disability, as defined in the Social Security Act, from June 1, 2010, through the date of the decision.

Before Appeals Council:

    Date of Decision: November 17, 2014

    Appears in Record at: AR 1-6

    Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278


F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Barbara H. Clark ("Clark"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing the medical evidence in the record?

2. Did the ALJ err in assessing Clark's credibility?

3. Did the ALJ err in assessing Clark's residual functional capacity ("RFC") and therefore in determining that Clark could return to past work at step four or perform other work at step five?

## VII. DISCUSSION

Clark appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 10. The Court addresses each alleged error in turn.

**A.  Medical Evidence**

Clark argues that the ALJ erred in discounting the opinions of several medical professionals in the record. *See* Dkt. 10 at 3-10. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that

are supported by substantial evidence in the record." *Id*. at 830-31.  In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.  *Id*. at 830.  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id*. at 830-31.

### 1. Examining Psychologist Brett C. Trowbridge, Ph.D.

Clark argues that the ALJ improperly discounted part of the opinion of examining psychologist Brett C. Trowbridge, Ph.D.  *See* Dkt. 10 at 4-6.  The Court agrees.

On September 30, 2010, Dr. Trowbridge performed a psychological evaluation of Clark, diagnosing her with depressive disorder not otherwise specified.  *See* AR 345-50.  In the evaluation, Dr. Trowbridge opined that Clark had marked limitations in her ability to exercise judgment and make decisions, interact appropriately in public contacts, or maintain appropriate behavior in a work setting.  *See* AR 348.  On April 7, 2011, Dr. Trowbridge performed another psychological evaluation, diagnosing Clark with depressive disorder not otherwise specified and anxiety disorder not otherwise specified.  *See* AR 400-03.  In that evaluation, Dr. Trowbridge opined that Clark had marked limitations in her ability to perform routine tasks without undue supervision, communicate and perform effectively in a work setting with public contact, or maintain appropriate behavior in a work setting.  *See* AR 402.

The ALJ gave "some weight" to both of these opinions and ultimately assessed Clark with an RFC that limited her to simple, routine tasks and only occasional interaction with coworkers and the general public.  *See* AR 30, 37-38.  Therefore, the ALJ sufficiently incorporated Clark's marked limitations in appropriate interaction and

communication with the public into the RFC. The ALJ reasonably discounted the marked limitations in Clark's ability to exercise judgment or perform routine tasks without supervision because those limitations were inconsistent with Clark's ability to manage her finances and perform housework and cooking. *See* AR 38; *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that other evidence of claimant's ability to function, including reported activities of daily living, contradicted that conclusion).

However, the ALJ neither incorporated Clark's marked limitation in maintaining appropriate behavior into the RFC nor gave any reason for rejecting it. All of the reasons listed by the ALJ for giving Dr. Trowbridge's opinions some weight explain only why the cognitive limitations were discounted, not the social limitation in maintaining appropriate behavior.[1] *See* AR 37-38. The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

---

[1] Though not specifically argued, the Commissioner seems to imply that the ALJ's statement that Dr. Trowbridge's opinions rely too heavily on subjective complaints could be a sufficient reason to discount any of his opined limitations. *See* Dkt. 17 at 13-14. Even generously inferring that the ALJ was rejecting Dr. Trowbridge's limitation regarding maintaining appropriate behavior for this reason, the reason is not supported by substantial evidence. Dr. Trowbridge reviewed medical records, performed clinical interviews, and performed objective testing in reaching his conclusions. *See* AR 345-61, 400-13; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."); *Ferrando v. Comm'r, Soc. Sec. Admin.*, 449 Fed. Appx. 610 n.2 (9th Cir. 2011) ("Mental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms," and that "[t]o allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.").

1  Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).  The

2  "ALJ's written decision must state reasons for disregarding [such] evidence." *Id*., 49

3  F.3d at 571.  A marked limitation in maintaining appropriate behavior is significant

4  because the basic mental demands of unskilled competitive work require the ability on a

5  sustained basis to "respond appropriately to ... usual work situations."  Social Security

6  Ruling ("SSR") 85–15, 1985 WL 56857 at *4.  This ability is separate from the ability to

7  interact appropriately with coworkers and the public, as evidenced in Dr. Trowbridge's

8  opinions.  *See* AR 348, 402.  Therefore, the ALJ erred by failing either to incorporate this

9  limitation into the RFC or give a specific and legitimate reason supported by substantial

10 evidence to discount it.

11       The Ninth Circuit has "recognized that harmless error principles apply in the

12 Social Security Act context."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

13 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)

14 (collecting cases)).  The Ninth Circuit noted that "in each case we look at the record as a

15 whole to determine [if] the error alters the outcome of the case."  *Id*.  The court also noted

16 that the Ninth Circuit has "adhered to the general principle that an ALJ's error is

17 harmless where it is 'inconsequential to the ultimate nondisability determination.'"  *Id*.

18 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

19 (other citations omitted).  The court noted the necessity to follow the rule that courts must

20 review cases "'without regard to errors' that do not affect the parties' 'substantial

21 rights.'"  *Id*. at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

22

Had the ALJ fully credited the opinion of Dr. Trowbridge, the RFC would likely have included additional limitations, as would the hypothetical questions posed to the vocational expert.  As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**2.     Evaluating Psychologist Jack T. Norris, Ph.D.**

Clark argues that the ALJ improperly discounted part of the opinion of examining psychologist Jack T. Norris, Ph.D.  *See* Dkt. 10 at 3-4.  The Court agrees.

On April 13, 2010, Dr. Norris performed a psychological examination of Clark, diagnosing her with adjustment disorder with depressed mood.  *See* AR 333-44.  Dr. Norris opined that Clark had several moderate limitations in cognitive and social functioning, including a moderate limitation in maintaining appropriate behavior in a work setting.  *See* AR 337.  The Court infers that the ALJ accounted for Dr. Norris's other opined cognitive and social impairments in the RFC, which limits Clark to simple, routine work and only occasional interaction with coworkers and the public.  *See* AR 30.  However, the RFC contains no accommodation for Clark's limited ability to maintain appropriate behavior, and the ALJ gives no reason to dismiss this part of Dr. Norris's opinion.[2]  *See* AR 30, 38.  Therefore, the ALJ again erred by failing to address this limitation.

---

[2] The ALJ stated that while Dr. Norris found that Clark's anxiety would cause mild limitations in performing work-related activities, Dr. Norris found that Clark's other mental health impairments would not cause any limitations.  *See* AR 38.  This is untrue.  Dr. Norris

### 3. Other Evaluating Physicians

Clark argues that the ALJ improperly failed to incorporate parts of the opinions of other physicians that were given good weight.[3] *See* Dkt. 10 at 6-7.

First, Clark argues that the ALJ failed to incorporate into the RFC the opinion of examining psychologist Loreli A. Thompson, Ph.D., that Clark would be able to engage in significant activities despite occasional interruptions from her symptoms. *See* Dkt. 10 at 6-7. At the hearing, the vocational expert testified that in the context of needing to switch positions between sitting and standing, most employers would accept an employee being off task five minutes per hour. *See* AR 87-88. Therefore, because Dr. Thompson did not specifically quantify the length or frequency of these interruptions, the Court infers that the ALJ reasonably found that Clark's RFC would similarly be unaffected by any occasional interruptions from psychological symptoms. The Court finds no harmful error here.

Second, Clark argues that the ALJ failed to incorporate into the RFC the opinion of examining physician Gary Gaffield, D.O., that Clark was limited to six hours of standing or walking with adequate breaks and should avoid exposure to dust, chemicals, and gases. *See* Dkt. 10 at 7. However, Clark provides no evidence that the required "adequate breaks" were anything greater than the standard breaks required to be provided

---

opined that Clark's depressed mood would cause marked limitations in her ability to perform work-related activities. *See* AR 335.

[3] Clark also lists the findings of several other medical professionals but makes no specific arguments regarding the weight given by the ALJ to the evidence. *See* Dkt. 10 at 7-9. This argument amounts to a request that the Court reweigh the evidence, which is not the role of the Court. *See Thomas*, 278 F.3d at 954.

by employers or even the additional time spent off task that the vocational expert stated would be acceptable. *See* AR 87-88, 501. The RFC assessed by the ALJ included the need to avoid "concentrated exposure" to dust, chemicals, and gases. *See* AR 30. The ALJ gave no reason for assessing a need to avoid concentrated exposure rather than a need to avoid any exposure. *See* AR 35-36. It is unclear from the record or the testimony of the vocational expert whether this distinction would affect Clark's ability to perform the jobs listed in step four and step five. Therefore, this ambiguity should be addressed on remand.

### 4. State Agency Medical Consultants

Clark argues that the ALJ erred by giving too much weight to the opinions of several state agency medical consultants. *See* Dkt. 10 at 9-10. The ALJ gave these opinions either significant or great weight, stating that each of them was consistent with the medical evidence in the record. *See* AR 36-37. However, because the ALJ erred in evaluating the medical evidence in the record, as described above, the ALJ should also reevaluate these opinions for their true consistency with the medical evidence on remand.

## B. Claimant's Credibility

Clark argues that the ALJ erred in evaluating her credibility. *See* Dkt. 10 at 10-17. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for

1 the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what
2 testimony is not credible and what evidence undermines the claimant's complaints." *Id.*;
3 *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative
4 evidence shows the claimant is malingering, the ALJ's reasons for rejecting the
5 claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. That some
6 of the reasons for discrediting a claimant's testimony should properly be discounted does
7 not render the ALJ's determination invalid, as long as that determination is supported by
8 substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

9       Here, the ALJ discredited plaintiff's testimony for several reasons, including that
10 plaintiff made several inconsistent statements regarding her drug use and her criminal
11 history. *See* AR at 35. In determining a claimant's credibility, the ALJ may consider
12 "ordinary techniques of credibility evaluation," such as reputation for lying, prior
13 inconsistent statements concerning symptoms, and other testimony that "appears less than
14 candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Substantial evidence
15 supports the ALJ's finding that plaintiff had been less than candid about her prior felony
16 conviction (*see* AR 57, 232, 558) and made inconsistent statements about her marijuana
17 use (*see* AR 70, 371, 393, 498, 557). Therefore, the ALJ provided a clear and convincing
18 reason for discounting plaintiff's credibility and did not err here.

19 **C.    RFC and Step Four and Step Five Findings**

20       Clark argues that the ALJ's RFC assessment and step four and step five findings
21 were not supported by substantial evidence because of the aforementioned errors. Dkt.
22 10 at 17-19. As discussed above, because the ALJ erred in assessing the medical

evidence, the RFC analysis was not complete, and the ALJ's step four determination and alternate step five determination are not supported by substantial evidence and are in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding Clark's true functional capabilities and her ability to perform work despite any additional functional limitations. Accordingly, remand for further consideration is warranted in this matter.

### VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Clark disability benefits is **REVERSED AND REMANDED**.

Dated this 2nd day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge