UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA H. CLARK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. C15-05044 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

This matter comes before the Court on the motion by Barbara H. Clark ("Clark") for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 22. The Commissioner of the Social Security Administration ("Commissioner") challenges only the amount of Clark's requested fees on the grounds that the amount is unreasonable under the particular facts of this case. *See* Dkt. 23. The Court finds the fees reasonable and **GRANTS** Clark's motion for statutory fees.

ORDER - 1

## II. BACKGROUND

On February 2, 2016, this Court issued an order reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 19. The Court found that (1) the ALJ erred in evaluating several of the medical opinions in the record, and (2) the errors were harmful because the resulting residual functional capacity and step-four finding that Clark could perform past work were not supported by substantial evidence. *See id*. at 5-14. The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id*. at 13-14.

## III. DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Clark was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 19. The Commissioner does not argue that the position of the United States was substantially justified or that circumstances make an award unjust. *See* Dkt. 23. Therefore, Clark is entitled to EAJA fees. Clark's counsel requests $7,078.35 in attorney's fees, $280.00 in paralegal's fees, and $23.67 in expenses. *See* Dkt. 22. The Commissioner objects, however, to the amount of fees requested by Clark. *See* Dkt. 23.

1   According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See id*. at 433, 436-37. Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

   Here, Clark prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See id*. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*. The Court concludes based on a review of the relevant evidence that Clark here obtained excellent results. Therefore, the Court looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompass the lodestar. *See id*.

In this case, based on the briefing and attorney time sheet, the Court concludes that the amount of time incurred by Clark's counsel in this matter was reasonable. Although the Government identifies some excessive briefing by Clark's counsel, the Court is unable to conclude the particular briefing is unreasonable. Therefore, the Court rejects the Government's request to reduce Clark's counsel's fees by 20%.

## IV. CONCLUSION

It is hereby **ORDERED** that Clark's motion for fees and costs (Dkt. 22) is **GRANTED**. Clark is awarded $7,078.35 in attorney's fees, $280.00 in paralegal's fees, and $23.67 in expenses pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Clark's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id*. at 2528. The check for EAJA fees shall be mailed to Clark's counsel: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 24th day of May, 2016.

BENJAMIN H. SETTLE
United States District Judge